**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VALERIYA HUGHES,

Plaintiff,

CASE NO. 17-10436
HON. DENISE PAGE HOOD

v.

HENRY FORD HEALTH SYSTEM,

Defendant.
______________________________________/

**ORDER DENYING PLAINTIFF AND DEFENDANT'S MOTIONS FOR RECONSIDERATION [#24; #25]**

## I. BACKGROUND

This matter is now before the Court on Plaintiff Valeriya Hughes ("Hughes") and Defendant Henry Ford Health System's ("HFHS") Motions for Reconsideration. (Doc # 24; Doc #25) Hughes filed her Motion on August 31, 2018 and HFHS filed its Motion on August 30, 2018. (*Id.*) On August 17, 2018, the Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. (Doc # 22) For the reasons set forth below, the Court denies Hughes and HFHS' Motions for Reconsideration.

## II. ANALYSIS

### A. Standard of Review

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Hughes and HFHS' Motions are timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**B. Plaintiff's Motion for Reconsideration**

**1. Appropriate Standard of Review**

Hughes argues that the Court made a palpable error in its August 17, 2018 Order because it applied an inappropriate standard of review when assessing her case. The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

First, Hughes claims that the Court did not "view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party" and failed to accept as true any direct evidence offered by her in response to HFHS' Motion for Summary Judgment. While Hughes makes this argument, she neglects to offer any facts to support such a claim. The Court will not take into consideration unsupported and bare assertions.

Next, Hughes asserts that when the Court evaluated HFHS' Motion for Summary Judgment, it applied the incorrect summary judgment standard in regard to her burden required to demonstrate pretext. Hughes provided the Court with what she deems is the *proper* summary judgment standard in this context and argues that the Court should have used the standard that the court applies in *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). Further, Hughes criticized the Court for instead referring to a standard from *Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495 (6th Cir. 2011), and argues that although the *Idemudia* court

addressed the plaintiff's burden in general, the court in *Hairston* specified how plaintiffs must prove the existence of pretext.

Hughes' argument is flawed. As an initial note, the Court turned to several Sixth Circuit cases when describing the different factors needed to be met for Hughes to show pretext under each of her claims. But, the Court did not refer to *Idemudia* in reference to pretext.[1] Nevertheless, even if Hughes could prove that any of the standards that pertain to pretext from the Sixth Circuit cases are too general, that does not mean that this Court is then required to adopt an out-of-circuit standard that is more specific.

The Court therefore will not grant Hughes' instant Motion based on the Court's alleged misapplication of the aforementioned standard of review.

**2. Hughes' Disagreement with the Reason for her Termination**

Hughes argues that the Court made a palpable error in its August 17, 2018 Order because it erroneously found that she agreed with the contention that she was terminated for poor customer service and having a poor attitude when interacting with her co-workers. The Court finds that Hughes has not met her burden on a

[1] The Court notes that Hughes quotes a pretext standard from *Hairston*, but does not indicate to the Court which of her claims that standard applies.

motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

Hughes claims that the Court did not take into consideration that she did not agree with the Court's finding that she was terminated due to poor customer service and having a poor attitude when interacting with her co-workers. According to Hughes, she has "always challenged the assertion that she was terminated for anything other than unlawful employment discrimination and retaliation." The Court already addressed Hughes' claim in its August 17, 2018 Order and determined that "Hughes has not provided circumstantial evidence to cast doubt on Defendant's explanation for her termination." (Doc # 22, Pg ID 786) There was no palpable defect in this regard that misled the Court. The Court will not grant Hughes' Motion on this ground.

**3. Hughes' Last Warning**

Hughes asserts that the Court made a palpable error in its August 17, 2018 Order by failing to recognize the significance of whether she and Michelle Cunningham ("Cunningham") were warned on March 29, 2016 that any further complaints would result in her discharge. The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

Hughes contends that whether or not she was warned on March 29, 2016 that she would be terminated if her conduct persisted was critical to her case because it could establish that HFHS did not have a legitimate, non-discriminatory basis for her discharge. The Court is not persuaded by such an argument because as mentioned above, HFHS' legitimate, non-discriminatory reason for terminating Hughes was her poor customer service and poor attitude towards her co-workers over time. The Court will not grant Hughes' Motion on this ground.

**4. Inappropriate Comparators**

Hughes argues that the Court made a palpable error in its August 17, 2018 Order by finding that Cunningham and Betty Kuschel–Rapaski ("Rapaski") were inappropriate comparators for purposes of establishing that the fourth prong of the Title VII and ELCRA analyses were satisfied. Hughes also alleges that the Court failed to give proper weight to Julia Ostrowski and Jon Nigro as comparators for purposes of conducting its examination of her Title VII and ELCRA claims. The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

The Court addressed Hughes' two assertions in its August 17, 2018 Order. The Court determined that even if Hughes could make out her prima facie case for her Title VII and ELCRA claims, which would then shift the burden to HFHS, Defendant has provided the Court with legitimate, nondiscriminatory reasons for

terminating Hughes. The Court also determined that even if the burden shifted back to Hughes, she did not present any evidence of pretext. Therefore, the Court will not grant Hughes' Motion on this ground because her issues have been adequately addressed.

**5. Causation Evidence**

Hughes claims that the Court made a palpable error in its August 17, 2018 Order by concluding that she could not use the same evidence to establish that she has met the fourth prong of a prima facie case for her ADA and PWDCRA claims *and* show that HFHS' offered reason for her termination was pretext. The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

Hughes' argument is not compelling since Hughes misquotes the Court's Order. The Court merely acknowledged that Hughes confused what needs to be proven to establish the fourth prong of the ADA and PWDCRA analyses with what she would be required to show for pretext purposes under the burden-shifting framework used when assessing ADA and PWDCRA claims. After the Court's acknowledgment, it then went on to find that Hughes did not sufficiently prove that she met the fourth prong of the burden-shifting framework for these claims or establish any pretext. The Court will therefore not grant Hughes' Motion on this ground.

**6. Evidence of Investigator Bias**

Hughes alleges that the Court made a palpable error in its August 17, 2018 Order because the Court did not address her argument regarding the alleged bias of the investigator, Eric Bacigal ("Bacigal"). The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

In the Court's August 17, 2018 Order, it recognized that Hughes believed that Bacigal conducted a biased investigation. (*Id.* at 780.) Subsequently, the Court found that Hughes' allegation regarding Bacigal's investigation was insufficient and did not qualify as evidence of pretext as it pertained to her ADA and PWDCRA claims. The Court therefore *did* address Hughes' claim that Bacigal's investigation was biased, but *did not* find it was legitimate evidence of pretext. Consequently, the Court will not grant Hughes' Motion on this ground.

**7. Improper Direct Evidence Standard**

Hughes contends that the Court made a palpable error in its August 17, 2018 Order by finding that Hughes has not presented circumstantial evidence of her FMLA claim based on her termination. The Court finds that Hughes has not met her burden on a motion for reconsideration, as she has not demonstrated a palpable defect by which the Court has been misled.

Hughes asserts that she disagrees with the Court's analysis of whether she presented circumstantial evidence to establish her claim of retaliation under the FMLA based on her termination. Hughes argues that the Court did not consider any of the circumstantial evidence that she provided and required her to present direct evidence while evaluating her claim when using the circumstantial evidence framework. Once again, the Court addressed Hughes' contention in its August 17, 2018 Order. As noted in the Order, the fourth prong of the burden-shifting framework applied to claims brought forward using circumstantial evidence requires Hughes to prove that there was a causal connection between the protected FMLA activity and her termination. *See Ferrari v. Ford Motor Co.*, 826 F.3d 885, 897 (6th Cir. 2016). After considering all of the evidence brought forward by Hughes, the Court determined that the fourth prong had not been met. The Court *did* consider the circumstantial evidence set forth by Hughes, and *did not* require her to present direct evidence under the relevant burden-shifting framework. Therefore, the Court will not grant Hughes' Motion on this ground.

### C. Defendant's Motion for Reconsideration

#### 1. Plaintiff's Request for FMLA Leave

HFHS argues that the Court made a palpable error in its August 17, 2018 Order because the Court neglected to find that Hughes did not request FMLA leave for a doctor's appointment on April 4, 2016. The Court finds that HFHS has not met

its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the Court has been misled.

Through the instant Motion, HFHS merely re-hashes an argument that it made previously. In its Motion for Summary Judgment, HFHS argued that it did not believe that Hughes requested FMLA leave on April 4, 2016. (Doc # 17, Pg ID 82) The Court acknowledged HFHS' contention in its August 17, 2018 Order, but determined that "[t]he facts surrounding the request or the denial of leave have not been provided by either party." (Doc # 22, Pg ID 790) Considering that HFHS raises an argument that the Court has heard and properly addressed, HFHS' Motion for Reconsideration will not be granted on this ground.

**2. Plaintiff's Sustained Damages**

HFHS argues that the Court made a palpable error in its August 17, 2018 Order since the Court allowed Hughes to proceed with her harassment based FMLA retaliation claim even though she has no compensable damages as a result of the alleged harassment that she faced in the workplace. The Court finds that HFHS has not met its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the Court has been misled.

In its instant Motion, HFHS cites to various cases to support its assertion that Hughes' FMLA retaliation claim fails due to Hughes not having any compensable

damages. However, this is the first instance in which HFHS has decided to raise this argument. As noted above, motions for reconsideration cannot be used to "proffer new arguments" that could have been brought up earlier. *Sault Ste. Marie Tribe*, 146 F.3d at 374. Motions for reconsideration are aimed at *re* consideration, not an *initial* consideration of issues that could have been addressed earlier. *See World Univ., Inc.,* 978 F.2d at 16. Therefore, the Court will not grant HFHS' Motion on this ground.

**3. Plaintiff's Hostile Work Environment Claim**

HFHS argues that the Court made a palpable error in its August 17, 2018 Order due to the absence of evidence demonstrating that HFHS tolerated or condoned Rapaski's treatment of Hughes. The Court finds that HFHS has not met its burden on a motion for reconsideration, as it has not demonstrated a palpable defect by which the Court has been misled.

HFHS argues that there is no evidence that HFHS knew or should have known of Rapaski's behavior towards Hughes and claims that the Sixth Circuit has found that an employer can only be held directly liable for co-worker harassment if it knew or should have known that such conduct occurred. *See Theiss v. Walgreen Co.*, No. 16-3318, 2017 WL 5709423, at *2 (6th Cir. Mar. 1, 2017). However, according to Hughes, HFHS permitted Rapaski to act in a discriminatory manner towards her. (Doc # 20, Pg ID 446) There is certainly a disagreement regarding whether HFHS

knew of Rapaski's conduct towards Hughes and allowed it to transpire. Therefore, the Court will not grant HFHS's Motion on this ground, as HFHS's allegation is not conclusive.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Valeriya Hughes' Motion for Reconsideration (Doc # 25) is **DENIED**.

IT IS FURTHER ORDERED that Defendant Henry Ford Health System's Motion for Reconsideration (Doc # 24) is **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge

DATED: August 8, 2019